IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA M. THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF ALAMEDA,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C 07-05387 SBA (PR)<br><br>**<u>ORDER OF DISMISSAL AND DIRECTIONS TO CLERK OF THE COURT</u>** |

## **INTRODUCTION**

Plaintiff filed this <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed <u>in forma pauperis</u>.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## **DISCUSSION**

**I.　<u>Standard of Review</u>**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See id.</u> § 1915A(b)(1), (2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## II. Legal Claim

Plaintiff contends that she was "arrested and sent to Santa Rita Jail" on August 25, 2006 and that she was "strip searched in front of camera's [sic] and men." (Compl. at 3.) On May 11, 2007, she filed a claim against the County of Alameda raising her claim. (Id.) On August 21, 2007, she received a denial of her claim because it was a "late claim." (Id.) Plaintiff seeks to "receive [her] portion of this civil suit." (Id.)

Plaintiff seems to be alleging that Defendants violated her rights and failed to abide by the relevant California statutes, ordinances, and/or regulations relating to strip searches at the Santa Rita Jail. 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). As mentioned above, to state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. West, 487 U.S. at 48; see also Paul v. Davis, 424 U.S. 693, 697 (1976).

Here, Plaintiff does not demonstrate a federal constitutional violation by merely alleging that Defendants failed to adhere to unspecified state law. Without any allegation as to a specific constitutional violation, Plaintiff fails to state a claim for relief.

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915A(a), (b). The Clerk of the Court shall terminate all pending motions and close the file. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

Attached to Plaintiff's complaint is an undated newspaper article entitled, "County Faces New Suit Over Searches." Plaintiff does not refer to this article in her actual complaint form. However, the Court notes that this article refers to a "case filed in federal court last fall by David Schaffer" stemming from his arrest "after a traffic stop and strip-searched before his arraignment." (Compl., Ex. A.) According to the Court's database, the class action law suit resulting from Mr. Schaffer's federal law suit, Schaffer v. County of Alameda, C 06-0310 MMC, was settled on November 26, 2007. If Plaintiff believes that she should have been added to the list of class

members in that federal suit, then she must submit an executed Claim Form to the Claims Administrator along with an explanation for filing a late claim in that class action. Accordingly, the Clerk is hereby DIRECTED to send Plaintiff a copy of the blank Claim Form relating to Case no. C 06-0310 MMC.

IT IS SO ORDERED.

DATED: 2/9/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FELICIA M. THOMAS,

    Plaintiff,

v.

COUNTY OF ALAMEDA et al,

    Defendant.

Case Number: CV07-05387 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Felicia M. Thomas X23002
Valley State Prison for Women
P.O. Box 92
Chowchilla, CA 93610

Dated: March 5, 2010

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk